UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LESLIE HOWARD** | * | **CIVIL ACTION NO. 17-0916** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **SAM'S EAST, INC.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a compound motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted [doc.# 7] filed by defendant Sam's East, Inc. For reasons assigned below, it is recommended that the motion be GRANTED IN PART and DENIED IN PART.

## Background

On July 18, 2017, plaintiff Leslie Howard filed the instant civil rights action against her former employer, Sam's East, Inc. ("Sam's") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981, et seq. (Compl.). Howard alleges that beginning in November 2014, she was a victim of gender and race-based discrimination and harassment which eventually culminated in her retaliatory discharge from employment on November 13, 2015. *Id*. She seeks damages for lost wages, plus reasonable compensation for the inconvenience of having to find a new job in a failing economy, reasonable attorney's fees, and costs. *Id*.

On September 1, 2017, Sam's filed the instant motion to dismiss the complaint for lack of

subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure on the twin grounds that plaintiff's Title VII claim is barred because she failed to file a timely charge with the EEOC, and because her complaint does not allege sufficient facts to state a claim for relief.

Plaintiff filed her opposition to the motion to dismiss on September 22, 2017. She also filed an amended complaint on October 3, 2017. [doc. # 17].[1] Together with the foregoing filings, she submitted the following documents: a copy of an EEOC Intake Questionnaire that she signed and dated on July 5, 2016; her own affidavit, dated September 21, 2017; a July 13, 2016, letter from the EEOC acknowledging receipt of her charge; and an October 26, 2016, mediation letter from the EEOC. (Opp. Memo., Exhs. A-D [doc. # 9]; M/Leave to Amend, Exhs. [doc. # 10]). On October 2, 2017, defendant filed a reply memorandum. Thus, the matter is ripe.

## Discussion

### I. Subject Matter Jurisdiction

There is some conflicting authority in the Fifth Circuit as to whether Title VII's exhaustion requirement is jurisdictional, or merely a prerequisite to suit. *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir.2006). More recently, however, the Fifth Circuit has reaffirmed that the EEOC's conciliation requirement is not jurisdictional, but instead, a precondition to suit. *E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 469 (5th Cir.2009); *Baker v. McHugh*, 672

---

[1] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)). Here, plaintiff's First Amended Complaint does not refer to, or adopt her earlier pleading; thus, the sole complaint before the court is the latter filed one. For simplicity's sake, the court generally will refer to the First Amended Complaint as the "the complaint."

Fed. Appx. 357, 360 (5th Cir.2016), cert. denied sub nom. *Baker v. Speer*, ___ U.S. ___, 137 S.Ct. 1353, 197 (2017); *see also Cruce v. Brazosport Independent School Dist.*, 703 F.2d 862, 863 (5th Cir. 1983) (citing *Zipes v. TWA, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 1132 (1982); *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir.1981) (en banc)).

The undersigned will follow the present trend and find that Title VII's EEOC exhaustion requirement is not jurisdictional. *Bailey v. Napolitano*, Civ. Action No. 11-1110, 2012 WL 1658790, at *4-5 (N.D. Tex. May 11, 2012).[2]  Therefore, at this stage of the proceedings, the administrative exhaustion issue must be analyzed under Rule 12(b)(6).[3]

## II.   Failure to State a Claim Upon Which Relief Can Be Granted

### a)   12(b)(6) Standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  A claim is facially plausible when it contains sufficient factual content for

---

[2] The outcome below would be the same even if the exhaustion requirement *were* jurisdictional.

[3] Failure to comply with a condition precedent does not mean that the district court lacks subject matter jurisdiction if the case is otherwise properly before it. *Harris v. Amoco Production Co.*, 768 F.2d 669, 680 (5th Cir. 1985). Here, plaintiff's invocation of federal law in her complaint suffices to support federal subject matter jurisdiction via federal question, 28 U.S.C. § 1331. *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (citation omitted).

the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly,*

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U. S. 521, 131 S. Ct. 1289, 1296 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label

used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

**b)     Title VII Exhaustion**

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc.* 296 F.3d 376, 378 -379 (5th Cir. 2002); *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir.1996). A Title VII plaintiff exhausts administrative remedies when she files a timely charge with the EEOC and receives a statutory notice of right to sue. *Id*. In a "deferral state" such as Louisiana,[4] the Title VII plaintiff

---

[4] "A deferral state is one in which state law prohibits discrimination in employment and a state agency has been established to grant or seek relief for such discriminatory practice. *Clark v. Resistoflex Co.,* 854 F.2d 762, 765 n. 1 (5th Cir.1988). The Louisiana Commission on Human Rights has been funded and operating since April 1994, making Louisiana a deferral state since that time. La. R.S. § 51:2233; G. Guidry, *Employment Discrimination Claims in Louisiana,* 45 La. B.J. 240, 241 (Oct.1997); G. Huffman, *The Louisiana Commission on Human Rights--Now It's for Real,* Briefly Speaking, Spring 1995, at 4 (New Orleans Bar Ass'n)." *Singleton v. RPM*

must file a charge of discrimination with the EEOC within 30 days after receiving notice that the state or local agency has terminated proceedings or within 300 days of the alleged discriminatory employment action, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1); *Burrell v. Brown,* 2000 WL 1056312, *3 (5th Cir. 2000) (unpubl.); *Janmeja v. Board of Supervisors of Louisiana State University,* 96 Fed. Appx. 212, 214, 2004 WL 902304 (5th Cir. 2004). Once the plaintiff has exhausted administrative remedies by presenting her claim to the EEOC and receiving a right to sue letter, she must file suit in federal court within 90 days of receipt of the EEOC's notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1). The failure to exhaust administrative remedies or to file suit in federal court in a timely manner renders the Title VII case subject to dismissal. *See Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979) (complaint that fails to allege or excuse exhaustion of administrative remedies is subject to dismissal).

In this case, plaintiff alleged, and defendant does not contest (at least for purposes of this motion), that she received a right to sue notice on April 20, 2017,[5] and that she filed suit within 90 days thereafter on July 18, 2017. Plaintiff also adduced evidence that she completed an Equal Employment Opportunity Commission ("EEOC") Intake Questionnaire on July 5, 2016. (M/Dismiss Resp., Exh. B).[6] On July 13, 2016, the EEOC assigned plaintiff's complaint a charge number. *Id.*, Exh. C. On October 26, 2016, the EEOC advised plaintiff that her charge

---

*Pizza, Inc.,* 2004 WL 2216530, *3, n.1 (E.D. La. 2004).

[5] *See* Compl., ¶ 4.

[6] In her complaint, plaintiff mistakenly stated that she mailed the form on July 5, **2015**. (Compl.). When, as here, there is a conflict between allegations in a pleading and exhibits thereto, the exhibits control. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir.2004) (citation omitted).

had been selected for mediation. *Id.*, Exh. D.[7] On November 9, 2016, plaintiff filed a charge of discrimination with the Louisiana Commission on Human Rights. [doc. 1-3].

"[A]n intake questionnaire that informs the EEOC of the identity of the parties and describes the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to the respondent is sufficient to set[ ] the administrative machinery in motion." *Conner v. Louisiana Dep't of Health & Hosps.*, 247 Fed. Appx. 480, 481 (5th Cir.2007) (internal quotation marks and citations omitted). However, an intake questionnaire alone cannot constitute a charge when, as here, it is not verified as required by EEOC regulations.[8] *Patton v. Jacobs Eng'g Grp., Inc.*, ___ F.3d ___, 2017 WL 4784586 (5th Cir. Oct. 24, 2017). Nevertheless, a sufficiently detailed intake questionnaire may be considered part of the EEOC charge, when it is verified and finalized via the formal charge. *See Patton, supra*. Indeed, EEOC regulations provide that,

> a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, *including failure to verify the charge*, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will *relate back to the date the charge was first received*. A charge that has been so amended shall not be required to be redeferred.

29 C.F.R. § 1601.12(b) (emphasis added).

---

[7] Plaintiff mistakenly stated in her complaint that the EEOC mailed her the mediation letter on October 26, **2017**. (Compl.).

[8] Section 706 of the Civil Rights Act of 1964, as amended, requires "[c]harges" to "be in writing under oath or affirmation . . . contain[ing] such information and . . . in such form as the Commission requires." *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 112, 122 S. Ct. 1145, 1149 (2002) (quoting 42 U.S.C. § 2000e-5(b)). The regulations define "verified" as "sworn to or affirmed before a notary public . . . or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3 (emphasis added).

7

In this case, plaintiff's questionnaire identified the parties, set forth the date of termination, and alleged the grounds for the charge. It also confirmed her desire to pursue a charge of discrimination against her former employer. *See* 29 C.F.R. § 1601.12. In short, the intake questionnaire sufficed to "trigger the investigatory and conciliatory procedures of the EEOC" regarding plaintiff's claim. *See Patton, supra*. These allegations were finalized and verified in a formal Charge of Discrimination to the Louisiana Commission on Human Rights, which plaintiff executed on November 4, 2016. The finalized charge relates back to the timely submission of the intake questionnaire on, July 5, 2016, – less than 300 days after plaintiff's discharge. 29 C.F.R. § 1601.12(b).

Be that as it may, the court *sua sponte* questions whether the claims asserted in plaintiff's lawsuit reasonably grew out of the allegations contained in her EEOC charge. In *McClain v. Lufkin Indus., Inc*, the Fifth Circuit encapsulated Title VII's exhaustion requirement as follows,

> Title VII requires employees to exhaust their administrative remedies before seeking judicial relief. Private sector employees must satisfy this requirement by filing an administrative charge with the EEOC. The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer. Only after administrative efforts terminate may the employee sue the employer in federal court.
>
> Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation. Nevertheless, competing policies underlie judicial interpretation of the exhaustion requirement. On one hand, the scope of an EEOC charge should be liberally construed for litigation purposes because Title VII "was designed to protect the many who are unlettered and unschooled in the nuances of literary draftsmanship." On the other hand, the "primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims." To reconcile these policies, th[e] [Fifth Circuit] construes an EEOC complaint broadly but in terms of the administrative EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination." [The courts] use a "fact-intensive analysis" of the administrative charge that looks beyond the four corners of the document to its substance. In

> sum, a Title VII lawsuit may include allegations "like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission."

*McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir.2008) (internal citations omitted).

Thus, although the actual scope of an EEOC investigation does not determine whether a claim is exhausted, the investigation of a particular claim creates a strong inference that such a claim was presented. *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280 (5th Cir.1994).

In her Intake Questionnaire, plaintiff alleged facts indicating that both black and white males were paid more than she was. She also attached to her questionnaire a November 20, 2015, To Whom it May Concern letter, in which she documented that the decision to terminate her was an act of retaliation by her store manager as a result of a disagreement between them. Howard concluded her letter, stating that "in closing, it is my belief that my decision not to bow to the store manager's threat to deny my vacation request or his threatening behavior, is what ultimately lead to my termination." There was no indication in Howard's letter, however, that the termination decision was motivated by race or gender.

In her formal Charge of Discrimination, Howard checked the boxes for discrimination on the bases of race, sex, and other – "Equal Pay." According to the form, the earliest date that discrimination occurred was October 6, 2015, and the latest date was November 13, 2015. The "particulars" of the charge are described as,

> I was hired by Sam's Club on December 27, 1999, most recently as Team Lead earning $15.07 per hour. On October 6, 2016 and November 4, 2016, [sic] the Store Manger forced me to take an overnight placement shift threatening to deny a p[re]-approved vacation request. When I transferred from Wal-Mart to Sam's Club, I lost $.80 but James Gibson (Black) gained $.80 when he got the position. Another employee Robert Robertson (White) in the same position made more money than what the position pays. On November 13, 2015, I was discharged.
>
> According to the company, I was being discharged on the basis of procedural

9

incompetency.

I believe I have been discriminated against because of my race (black) sex (female), in violation of Title VII of the Civil Rights Act of 1964 as amended and in violation of the Equal Pay Act, as amended.

Upon review, the court finds that Howard exhausted claims for discriminatory pay[9] and for race and gender-based discrimination. In her complaint, however, she made no effort to state a claim for discriminatory or unequal pay, and therefore, by all accounts, abandoned those claims.[10] Furthermore, the court is not persuaded that plaintiff's claims (in this suit) for harassment/hostile work environment and retaliation reasonably can be expected to grow out of the sparse allegations in her charge regarding discriminatory pay and treatment.[11]

Accordingly, the undersigned concludes that plaintiff's Title VII claims for harassment/hostile work environment and retaliation are subject to dismissal for failure to exhaust EEOC remedies. This finding, however, does not conclude the issues before the court. In her complaint, plaintiff also asserted a claim under 42 U.S.C. § 1981, which does not require

---

[9] In any event, claims under the Equal Pay Act do not require exhaustion of administrative remedies. *Stith v. Perot Sys. Corp.*, 122 Fed. Appx. 115, 119 (5th Cir.2005) (citing *County of Washington v. Gunther*, 452 U.S. 161, 175 n. 14, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981)).

[10] "[B]ecause the content of the EEOC charge only sets forth the maximum scope of a Title VII complaint, a plaintiff can waive or abandon properly charged claims of discrimination by failing to plead such claims in her complaint." *Loomis v. Starkville Mississippi Pub. Sch. Dist.*, 150 F. Supp.3d 730, 744–45 (N.D. Miss.2015) (citations omitted).

[11] *See Walton v. Lentz v. Innophos, Inc.*, 476 Fed. Appx. 566, 570 (5th Cir.2012) (hostile-work-environment claim could not "reasonably be expected to grow out of" EEOC charge alleging that employer discharged employee in retaliation for complaining about protected activity based on age); *Turner v. Novartis Pharm. Corp.*, 442 Fed. Appx. 139, 141 (5th Cir.2011) (EEOC charges alleging discrimination and retaliation do not reasonably encompass hostile work environment claim); *Williams v. E.I. du Pont de Nemours & Co.*, Civ. Action No. 14-382, 2015 WL 9581824, at *9 (M.D. La. Dec. 30, 2015) (hostile work environment claim did not reasonably grow out of EEOC charge alleging discrimination and retaliation).

exhaustion of administrative remedies. *O'Neal v. Cargill, Inc.*, 178 F. Supp.3d 408, 420 (E.D. La.2016) (citations omitted). Therefore, the court will proceed to analyze the sufficiency of plaintiff's factual allegations as to her remaining Title VII claims and her claims under § 1981.

### c) Sufficiency of the Factual Allegations

Sam's contends that plaintiff's complaint is unintelligible and insufficient to establish a prima facie case of discrimination or retaliation.[12] The court shares defendant's frustration with plaintiff's unorthodox complaint, that includes a rambling first person narrative. Nonetheless, the undersigned is able to glean critical facts from the account sufficient to support plaintiff's claim(s). In so doing, the court acknowledges that in *Swierkiewicz v. Sorema*, the Supreme Court held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination" to survive a Rule 12(b)(6) motion. *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002); *see also Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). The Court explained that the *McDonnell Douglas* framework "is an evidentiary standard,

---

[12] Although defendant contested the sufficiency of plaintiff's allegations under Title VII only, the analysis is the same for claims under § 1981 because the proof under both provisions is the same. *Outley v. Luke & Associates, Inc.*, 840 F.3d 212, 220 (5th Cir.2016) (citation omitted); *see also Chen v. Ochsner Clinic Found.*, 630 Fed. Appx. 218, 227 (5th Cir.2015) (analysis of employment discrimination claims under Title VII and § 1981 is identical); *DeGrate v. City of Monroe*, No. 15-2641, 2017 WL 421673, at *4 (W.D. La. Jan. 30, 2017).

Moreover, to the extent that the undersigned has expanded upon the grounds for dismissal urged by movants, the instant report and recommendation provides adequate notice to the parties. *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties). In any event, the court possesses the inherent authority to dismiss a party sua sponte. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 1995 WL 534901 (5th Cir. 1995) (unpubl.) (the district court sua sponte dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer).

not a pleading requirement." *Id.* at 510.[13] Accordingly, plaintiff's complaint need only comply with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8; *Swierkiewicz,* 423 U.S. at 515.

Nonetheless, the Fifth Circuit maintains that the prima facie standard *is* relevant at the motion to dismiss stage at least in the sense that plaintiff has to plead facts as to each of the ultimate *elements* of her claim sufficient to render the case plausible. *Jenkins v. Louisiana Workforce Comm'n*, ___ Fed. Appx.___, 2017 WL 4708257, at *2 (5th Cir. Oct. 18, 2017); *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir.2016), cert. denied, ___ U.S. ___, 137 S.Ct. 1339 (2017).

> By its terms, § 1981 provides that,
>
> (a) Statement of equal rights
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C. § 1981(a)-(b).

To prevail on a § 1981 claim, the plaintiff must show that "(1) he or she is a member of a racial[14]

---

[13] Furthermore, *Twombly* did not overrule *Swierkiewicz*. *See Twombly*, 550 U.S. at 569-70.

[14] It is well settled that 42 U.S.C. § 1981(a) does not provide a remedy for gender-based discrimination. *Kimble v. Georgia Pac. Corp.*, 245 F. Supp.2d 862, 866 (M.D. La.2002), aff'd, 67 Fed. Appx. 248 (5th Cir.2003) (citations omitted).

minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute . . ." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir.1997) (citation omitted).[15]

Here, plaintiff's complaint readily satisfies the foregoing elements: she is African-American (and, for purposes of her Title VII claim – a female) and was discharged from employment.[16] As for the intent element, she alleges that white male team leads were treated more favorably than she was with regard to night shift assignment. In fact, she alleges that the white male team leads should not have been leads in the first place because they did not have "open availability," to work the night shift as required by company policy. Instead, Sam's required Howard to do their work (in addition to her own), thereby setting her up for failure.[17]

---

[15] Similarly, to establish a prima facie case of gender discrimination under Title VII, plaintiff must demonstrate that she "(1) was a member of a protected class; (2) was qualified for the position at issue; (3) was the subject of an adverse employment action; and (4) was treated less favorably than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Carr v. Sanderson Farms, Inc.*, 665 Fed. Appx. 335, 337 (5th Cir.2016) (citations omitted).

[16] Even an at-will employee stands in a contractual relationship with her employer and thus may maintain a cause of action under § 1981. *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1050 (5th Cir.1998).
Furthermore, the Fifth Circuit has recognized that "to establish a discrimination claim under Title VII or § 1981, a plaintiff must prove that he or she was subject to an 'adverse employment action'—a judicially-coined term referring to an employment decision that affects the terms and conditions of employment." *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503–04 (5th Cir.2014) (citations omitted). Clearly, a firing qualifies as an adverse employment action. *Id*. However, the granting of leave/vacation time also expressly qualifies, as does a transfer, such as a reassignment to the night shift. *Id*. (citations omitted). Here, Howard alleges that her manager revoked her leave, and required her to work nights for a longer period of time than similarly situated white males. These allegations suffice to state an adverse employment action at this stage of the proceedings.

[17] The fact that Sam's required plaintiff to perform not only her own work, but also the work of others, suggests that she was qualified for the position.

Plaintiff further alleges that she was required to "coach" others regarding attendance issues – an additional task that no other team leads were required to do.

Howard's complaint also alleges that a fellow white team lead resigned her position, and cursed out the manager on her way out. Nonetheless, Sam's re-hired the former employee as a team lead two weeks later. In contrast, plaintiff alleges that Sam's fired her after she complained about the company's disparate treatment of white male team leads. Sam's, however, did not re-hire Howard.

The court finds that these allegations suffice to meet the "intent factor" of the race discrimination analysis under § 1981 and gender discrimination analysis inherent under Title VII at this stage of the proceedings. *See Edwards v. Smitty's Supply, Inc.*, No. 15-3223, 2016 WL 3667361, at *2–4 (E.D. La. July 11, 2016). Indeed, the foregoing allegations are no less fact-intensive or detailed than those set forth in *Wooten v. McDonald Transit Associates, Inc.*, which the Fifth Circuit found sufficient to satisfy Rule 8's low threshold. *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).[18] *Wooten* supports the same outcome here. Therefore, at minimum, plaintiff's complaint sufficiently states a claim for race-based discrimination and retaliation[19] under 42 U.S.C. § 1981 and gender discrimination under Title

---

[18] In *Wooten*, plaintiff alleged that he had been employed by defendant for approximately 12 years; that one year before he was fired, he filed a charge with the EEOC; thereafter, his employer "discriminated and retaliated against [him], and created a hostile work environment, until such time that [he] was constructively discharged . . . "; and that he suffered resulting harm. *Wooten*, 788 F.3d at 498.

[19] The elements of a § 1981 retaliation claim include: "(1) that the plaintiff engaged in activities protected by § 1981; (2) that an adverse action followed; and (3) a causal connection between the protected activities and the adverse action." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 390 (5th Cir.2017) (citation omitted). Furthermore, "[c]lose timing between an employee's protected activity and an adverse action against h[er] may provide the

VII.

However, the court finds that the complaint does not allege facts to support a § 1981 racial harassment/hostile work environment claim which contemplates five elements:

> (1) the employee belongs to a protected group; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term[,] condition or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Felton v. Polles*, 315 F.3d 470, 484 (5th Cir.2002).

To be actionable, harassment must involve "racially discriminatory intimidation, ridicule and insults." *Id*. (citation omitted). Howard's complaint remains devoid of any such allegations.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that defendant Sam's East, Inc.'s motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 7] be GRANTED-IN-PART, and that plaintiff's claims for harassment/hostile work environment and retaliation under Title VII, together with her claims for harassment/hostile work environment under 42 U.S.C. § 1981 be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the remainder of defendant's motion to dismiss (including the motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1) component) be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

---

causal connection required to make out a *prima facie* case of retaliation." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir.2007) (citations and internal quotation marks omitted). Howard's allegations suggest that Sam's terminated her employment shortly after she complained about its disparate treatment of similarly-situated Caucasian workers.

**fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 26th day of October 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE